IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

SATISHA HUDSON-PREYER,              *
                                   *
    Plaintiff,                     *
                                   *
v.                                 *        Case No.: 1:23-cv-00180
                                   *
MONROE COUNTY BOARD OF             *
EDUCATION,                         *
                                   *
    Defendant.                     *

## COMPLAINT

### Jurisdiction

1.      Plaintiff files this action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e), alleging gender discrimination in employment, and Equal Pay Act, 29 U.S.C. Section 206(d)(1).  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. Sections 1331, 1343, 2201, and 2202.  This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 29 U.S.C. § 1367.

### VENUE

2.      Venue is proper in the Southern District of Alabama, Southern Division, since Defendant is conducting business within this District and Division and this action is brought where the unlawful employment practice was committed.

### PARTIES

3.      Plaintiff Satisha Hudson-Preyer is over the age of 19 years and is a resident citizen

1

of Monroeville, Monroe County, Alabama.  Plaintiff is an female.

4.      Defendant Monroe County Board of Education (hereinafter "MCBOE") is the County Board of Education for Monroe County, Alabama. MCBOE is an employer having employees subject to Title VII,  42 U.S.C. §§ 2000e(b), and the Equal Pay Act, 29 U.S.C. Section 206(d)(1).

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

5.      Plaintiff filed a timely Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on October 11, 2018.

6.      On August 5, 2020,  the EEOC issued a right to sue letter received by Plaintiff's counsel on or about August 9, 2020.  (See attached "Exhibit A")

7.      Plaintiff has satisfied all conditions precedent prior to bringing an action under Title VII of the Civil Rights Act of 1964, as amended.

## FACTUAL ALLEGATIONS

8.      Plaintiff was hired by the Monroe County Board of Education (MCBOE) on or about 1993, as a Bus Driver and remained classified as such at all times relevant to this Charge. In 1996, Plaintiff was hired to performed additional duties and assumed the position of Para-Professional for MCBOE in addition to her duties as a Bus Driver.

9.      At all times relevant, Plaintiff was classified as both a Bus Driver and Para-Profession and was qualified to perform the assigned duties of her positions.

10.     Plaintiff attained tenure in her positions as both Bus Driver and Para-Professional with MCBOE.

11.     At all times relevant to this Charge Plaintiff satisfactorily performed her job duties

and developed a good rapport with the parents and children who were assigned to her bus route and classroom.

12.     On or about May, 2021, Plaintiff was offered a supplement bus driving position by her Principal, Derek Pugh, to drive a bus route for the 21st Century After-School Program (21st Century Program) at J.F. Shields. Plaintiff discussed with Pugh a salary rate of $25.00 per day with the understanding that he would attempt to seek additional funds a payment for the position in the future.

13.     Plaintiff accepted the offer extended by Pugh and MCBOE to assume the duties as a bus driver for the 21st Century Program on June 1, 2021.

14.     MCBOE failed and/or refused to pay Plaintiff the $25.00 per day salary rate offered to Plaintiff by Pugh to drive the 21st Century Program bus route and, instead, paid Plaintiff $20.00 per day for Plaintiff's assigned duties related to the 21st Century Program.

15.     On numerous occasions Plaintiff addressed concerns to Pugh regarding her daily pay rate and salary with the 21st Century Program. Pugh would reassure Plaintiff that he was attempting to increase her salary rate and pay for her duties with the 21st Century Program and asked for additional time to get this approved with the State.

16.     Plaintiff's bus route at J.F. Shields required longer hours and time to complete than other bus routes within the system.

17.     Plaintiff was paid less than the minium wage for her work driving a bus with the 21st Century Program.

18.     On or about October 25, 2021, Plaintiff, again, inquired with Pugh about her pay rate and addressed concerns that her pay with the 21st Century Program was less than the

minimum wage.  Plaintiff reminded Pugh of the rate agreed upon at the time she accepted the duties and position and requested an increase in her rate and pay. Plaintiff advised Pugh of her inability to continue driving the bus route for the Program at a rate less than the agreed rate of $25.00 per day.

19.     On October 25, 2021, Dr. Barbarietta Pugh (Dr. Pugh), Director of the 21st Century Program, contacted Plaintiff about her conversation with Pugh and demands for a pay increase. Plaintiff advised Dr. Pugh that she would be more than willing to continue driving the bus route for the 21st Century Program at J.F. Shields if she was paid a minimum rate and pay of $25.00 per day.

20.     Plaintiff was denied a pay and/or salary increase with the 21st Century Program and informed she was not eligible for additional pay.

21.     A motivating factor for Defendant's denial of Plaintiff's request for a pay increase was her gender.

22.     On or about October 25, 2023, Pugh contacted Coach Jerome Sanders (Sanders), a male, to work as a substitute bus driver for the 21st Century Program until such time a new Bus Driver for the 21st Century Program could be secured and hired by MCBOE.  Sanders was offered and paid a rate of $75.00 per day for driving the bus route for the 21st Century Program at J.F. Shields for several days.

23.     Sanders assumed all job duties and responsibilities previously performed by Plaintiff.

24.     On or about October 26, 2022, MCBOE hired James Cunningham (Cunningham), a male, to drive for the 21st Century Program at J.F. Shields.

4

25. Cunningham replaced Plaintiff in her position as the Bus Driver for the 21st Century Program at J.F. Shields and assumed all duties and responsibilities previously performed by Plaintiff in the bus driver position.

26. October 27, 2021, Plaintiff learned that Cunningham, a male, had been offered and had accepted and paid the position of Bus Driver for the 21st Century Program at J.F. Shields at a salary and pay rate of $75.00 per day.

27. Cunningham, as a bus driver for the 21st Century Program, performed essentially the same duties and assumed the same bus route as had been assigned to Plaintiff.

28. The rate of pay paid to Sanders and Cunningham was a substantially higher rate and pay than offered and/or paid to Plaintiff to perform the exact same bus driving duties and assigned route.

29. The duties assigned to Sanders and Cunningham as the bus driver for the 21st Century program at J.F. Shields required equal skill, effort, and responsibility, and their assigned duties were performed under similar working conditions and in the same establishment and department, as those performed by Plaintiff.

30. Defendant offered and paid wages to male bus drivers a rate of pay substantially more than the rate at which it paid to Plaintiff and other female bus drivers, including, but not limited to Cheryl Kimbrough,

31. Plaintiff notified her Principal, Pugh, and other administrators in the school system that she believed the disparate pay and treatment between her and a male counterparts was discriminatory.

32. MCBOE failed and/or refused to conduct an investigation and/or make any

inquiries into Plaintiff's complaints of discrimination.

33.     There existed no significant difference in the duties of plaintiff and the duties of her comparators, Cunningham and Sanders.

34.     As a direct result of these actions, Plaintiff has been caused to suffer loss of income, increased levels of stress, emotional and mental suffering, humiliation and embarrassment.

**CAUSES OF ACTION**

**COUNT I**
**TITLE VII**
**(Disparate Treatment)**

35.     Plaintiff reavers and realleges the foregoing as though fully set out herein.

36.     This is a claim to redress unlawful discrimination on the basis of gender, female, in violation of Title VII.

37.     Plaintiff, Satisha Hudson-Preyer, was denied a salary increase and paid substantially less than similarly situated male employees.

38.     The substantially motivating factor for the denial of Plaintiff's pay and/or salary increase was her gender, female.

39.     Plaintiff has suffered loss of income, compensatory damages and emotional distress as a result of the actions of Defendant.

40.     Board has discriminated against Plaintiff on the basis of her gender in matters of pay and other terms and conditions of employment which have resulted in disparate impact and treatment of Plaintiff.

41.     Board's actions discriminated against the Plaintiff on the basis of her gender in

violation of the Title VII and the Civil Rights Act of 1991, by instituting and conducting a systematic pattern and practice of gender discrimination and resulting in Plaintiff's termination from her position as the 21st Century Program Bus Driver.

42.     Defendant's actions were done maliciously and/or done with reckless indifference to the Plaintiff's federally protected rights.

43.     As the direct and proximate result of the Defendants' wrongful actions, the Plaintiff was caused to suffer lost wages, loss of future earning capacity, loss of benefits in general, loss of raises, mental anguish, loss of dignity, embarrassment, humiliation, and other intangible injuries and other directly and indirectly related expenses.  These losses are continuing and the Plaintiff will continue to suffer such losses in the future.

44.     The Plaintiff has been forced to obtain legal services of the undersigned attorneys to enforce her rights under Title VII and is required to pay reasonable attorneys' fees for the services rendered herein.

## COUNT II

### EQUAL PAY ACT

45.     Plaintiff reavers and realleges the foregoing as though fully set out herein.

46.     Plaintiff, an African American female, was paid different wages by Defendant MCBOE than was paid to similarly situated male employees for performing substantially the same work and job assignments which required equal skill, effort, and responsibility, and which were performed under similar working conditions.

47.     Defendant's actions complained of herein violate the Equal Pay Act, 29 U.S.C. Section 206(d)(1).

7

48.     As the direct and proximate result of the Defendants' wrongful actions, the Plaintiff was caused to suffer lost wages, loss of future earning capacity, loss of benefits in general, loss of raises, mental anguish, loss of dignity, embarrassment, humiliation, and other intangible injuries and other directly and indirectly related expenses.  These losses are continuing and the Plaintiff will continue to suffer such losses in the future.

49.     The Plaintiff has been forced to obtain legal services of the undersigned attorneys to enforce her rights under Title VII and is required to pay reasonable attorneys' fees for the services rendered herein.

## PRAYER FOR RELIEF

WHEREFORE, plaintiffs respectfully pray this Court to cause this case to be expedited in every practicable way, and, following a hearing on the merits, to:

(A)     Assume jurisdiction for this action;

(B)     Grant Plaintiff a declaratory judgment against Monroe County Board of Education that its actions, policies, and practices complained of violated the Plaintiff's federally protected rights as set forth herein.

©     Grant Plaintiff preliminary and permanent injunction enjoining the Defendant, its agents, successors, employees, and attorneys and those acting in concern with it and at its direction, from maintaining or continuing the policies, practices, customs and usages of denying, abridging, withholding, conditioning, limiting, or otherwise interfering with the Plaintiff's rights to equal employment opportunities without discrimination.

(D)     Grant plaintiffs a preliminary and permanent injunction, enjoining defendant, its agents, successors, employees, attorneys, and those acting in concert with it and at its direction,

8

from failing and refusing to adjust plaintiffs' fringe benefits, including her retirement benefits, to reflect the fringe benefits to which she would have been entitled but for the unlawful actions complained of defendant herein.

(E)     Grant Plaintiff an award of back pay from Defendant in the amount the Plaintiff would have earned had defendant paid her at wages equal to the wages paid to the male employees performing work equal to that of the plaintiffs.

(F)     Award plaintiffs an amount in liquidated damages equal to Plaintiff's award of back pay.

(G)     Award Plaintiff compensatory damages against Defendant in an amount the jury determines will compensate the Plaintiff for her losses and damages suffered, against Defendant in an amount the jury determines is adequate and/or nominal damages as may be appropriate.

(H)     Award Plaintiff costs and expenses in prosecuting this action, including an award of reasonable attorney's fees.

(I)     Retain jurisdiction of this action following judgment for sufficient time to insure that Defendant complies with the law and decree which may be entered herein, and during such time to require Defendant to report such information as is necessary to evaluate its compliance.

(J)     Grant Plaintiff such other further relief as equity and justice requires.

**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

Respectfully submitted this 19th  day of May, 2023.


*/s/ Mary E. Pilcher*

**Mary E. Pilcher (PILCM2436)**
**Pursuant to a Limited Representation Agreement**

**Stein & Pilcher, LLC**
151 North Bancroft Street
P.O. Box 602
Fairhope, AL 36533
251-210-4557
mpilcher@mobilebaylaw.com